# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SONIA I. WRIGLESWORTH,
            Appellant,

        v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
DC-0752-15-0860-I-2

DATE:  January 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Timothy D. Johnson, Esquire, Fort Bragg, North Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the portion of the initial decision finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of any whistleblower disclosures, we AFFIRM the initial decision.

## BACKGROUND

The agency removed the appellant from her GS-15 Family Programs Director position with the Family Programs Directorate (FPD) of the U.S. Army Reserve Command based on a charge of Conduct Unbecoming a Federal Employee and Supervisor. *Wriglesworth v. Department of the Army*, MSPB Docket No. DC-0752-15-0860-I-1, Initial Appeal File (IAF), Tab 6 at 78, 80-88, 126-33. The agency asserted that the appellant (a) as a direct result of her negative leadership, created a toxic work environment; (b) engaged in leadership intimidation, humiliation, and/or fear of reprisal; (c) failed to provide proper direction, support, and training to employees and discouraged employee teamwork, which gave the appearance of ensuring that the employees failed at tasks; (d) acted in a way that resulted in a perception of favoritism; (e) engaged in the improper use of contractor staff, i.e., gave the appearance that she had a personal services contract; (f) tasked employees and set deadlines that resulted in uncompensated work time; and (g) delayed filling a critical vacancy and/or attempted to circumvent the hiring process, which gave the appearance of having committed a prohibited personnel practice. *Id*. at 126-33.

After a hearing, the administrative judge affirmed the removal action. *Wriglesworth v. Department of the Army*, MSPB Docket No. DC-0752-15-0860-I-2, Appeal File (I-2 AF), Tab 6, Initial Decision (ID) at 1, 100. After setting forth a detailed description of the evidence in the case, ID at 2-63, the administrative judge found that the agency proved by preponderant evidence specifications (a)-(c) and (e)-(f), but did not prove specifications (d) and (g), ID at 64-77. The administrative judge further found that the agency proved a nexus between its action and the efficiency of the service, and that the appellant did not prove reprisal for whistleblowing activity, retaliation for equal employment opportunity (EEO) activity, or harmful error. ID at 77-94. Finally, the administrative judge found that the agency properly considered the relevant aggravating and mitigating factors and imposed a reasonable penalty, i.e., removal. ID at 95-99.

The appellant has filed a timely petition for review of the initial decision, the agency has filed a timely response, and the appellant has filed a timely reply to the agency's response.[2] Petition for Review (PFR) File, Tabs 7, 9, 13.

## ANALYSIS

<u>The agency has proven its charge.</u>

The appellant attacks the credibility of numerous witnesses, asserting that they were untruthful regarding certain portions of their testimony. PFR File, Tab 7 at 26-38. Some of the appellant's allegations in this regard apply to

---

[2] The appellant includes with her petition for review sworn statements she made on January 7, 2014, and May 1, 2014, correspondence with the agency from 2012, and an undated rebuttal of the agency's charges that appears to include testimony from the Board hearing. PFR File, Tab 7 at 56-154. At least one of these documents was submitted below. *Compare* PFR File, Tab 7 at 60-62, *with* IAF, Tab 14 at 41-43. It is not, therefore, new. *See Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 5 n.2 (2003); 5 C.F.R. § 1201.114(b). To the extent that the other documents attached to the petition for review are submitted for the first time on review, the appellant has not shown that they were previously unavailable despite her due diligence. *See* 5 C.F.R. § 1201.115(d). Therefore, we have not considered them in our determination. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 16 (2015).

specifications (d) and (g), which were not sustained.  PFR File, Tab 7 at 26-29, 39-41; ID at 66-69, 74-77.  Thus, these allegations do not warrant a different result from the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  Aside from her assertions that several statements made by the agency's witnesses at the hearing were untruthful based on other evidence in the record that the administrative judge did not address, the appellant has not shown how any alleged untruthful statements she has identified would affect the outcome in this case.  In any event, even assuming that the administrative judge did not mention some of the testimony or evidence addressed in this section of the appellant's petition for review, an administrative judge's failure to mention all of the evidence does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant further asserts that the administrative judge relied only upon the demeanor of the witnesses in finding the agency's witnesses more credible than her witnesses, and did not address the other factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), and resolve disputed issues of fact.  PFR File, Tab 7 at 43-45.[3]  We disagree.

---

[3] The appellant also asserts that the administrative judge abused his discretion by denying her motions to compel discovery and her request for two witnesses who knew about "the facts supporting [her] claims and defenses."  PFR File, Tab 7 at 53-55.  The appellant does not dispute that she did not timely file her motion to compel, but instead asserts, as she did below, that she should not be penalized because she unilaterally granted the agency additional time to respond to her discovery requests, which she contends constituted good cause for a waiver of the motion to compel deadline.  *Id*. The administrative judge correctly found that the parties did not seek and obtain from him an extension of the discovery deadlines and had no authority to unilaterally alter the Board's orders and regulations; he therefore found that the deadlines remained unchanged.  IAF, Tab 20 at 2-3, Tab 27 at 1-2, Tab 31.  The appellant has shown no abuse of discretion in these rulings.  *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 15 (2015); *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 7 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002); *Wagner v. Environmental Protection*

To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 38 (2017).

Here, in addition to relying on the witnesses' demeanor, the administrative judge noted that their testimony was consistent with each other, unbiased, and consistent with prior written statements, and that the testimony of the appellant and her witnesses was not plausible. ID at 64-65, 73. For example, the administrative judge noted, with respect to one of the witnesses, that she was not biased, had no motive to fabricate, and gave answers that were thoughtful, straightforward, consistent with her written statements of record, and corroborated in relevant part by the other credible witnesses. ID at 17 n.11, 43 n.55. The administrative judge's analysis of the testimony of many of the witnesses was followed by his analysis of their sworn or unsworn written

*Agency*, 54 M.S.P.R. 447, 452-53 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993). Moreover, she has not shown that the administrative judge abused his discretion in denying the witnesses upon finding that their testimony was either not relevant or cumulative. IAF, Tab 38 at 13-14; *see Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 26 (2012) (recognizing that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony would be relevant and nonrepetitious).

statements. ID at 17-34, 43-50, 53-63. Moreover, an administrative judge's failure to specifically discuss every *Hillen* factor does not mean that he failed to consider them. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015), *aff'd,* 652 F. App'x 971 (Fed. Cir. 2016). Thus, the administrative judge addressed factors other than demeanor and resolved disputed issues of fact, and the appellant has not set forth sufficiently sound reasons for overturning the administrative judge's credibility determination, and has therefore not shown that the administrative judge erred in sustaining the charge.

The appellant also contends that specification (a) is vague and unproven, and makes many of the same allegations that she raised below regarding why she believes she did not create a toxic work environment. PFR File, Tab 7 at 45-49. In support of specification (a), the agency referenced the findings of an investigation, conducted between September 2013 and June 2014, that determined that the appellant was the primary cause of a negative, toxic climate within the FPD. IAF, Tab 6 at 126-27. The report of the investigation set forth in great detail the reasons why the appellant was the primary cause of the negative, toxic climate. IAF, Tab 32 at 9-81. The agency afforded the appellant the opportunity to review the documents it relied upon in taking the action. IAF, Tab 6 at 133. Therefore, we disagree with the appellant's suggestion that specification (a) was vague. *See McGriff v. Department of the Navy*, 118 M.S.P.R. 89, ¶ 32 (2012) (rejecting the appellant's assertion that the agency did not provide him with the specific reasons for the action when the proposal notice referenced an investigative report that the agency had provided to him), *modified on other grounds by Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 18 n.7 (2014). The appellant's allegations as to why she believes the agency did not prove specification (a) do not demonstrate error by the administrative judge, who, as set forth above, relied upon the demeanor of the witnesses and other corroborating evidence to find that "the overwhelming credible evidence in this record supports a finding that the appellant engaged in the misconduct as

alleged." ID at 64-66; *see Sabio*, 124 M.S.P.R. 161, ¶ 38; *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The appellant has not proven reprisal for whistleblowing or EEO activity.</u>

The appellant further asserts that the deciding official knew of her disclosures and that, for the reasons set forth in her closing brief, the agency did not establish by clear and convincing evidence that it would have removed her in the absence of her disclosures. PFR File, Tab 7 at 51-52. The administrative judge, however, found that the appellant did not prove by preponderant evidence that she reasonably believed she made protected disclosures; he also found that the agency, in any event, proved by clear and convincing evidence that it would have removed her in the absence of the disclosures. ID at 80-88. The appellant has shown no error in these findings.[4] Thus, her arguments on review that her disclosures were a contributing factor in her removal do not establish error in the initial decision. *See Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016) (requiring an appellant in an adverse action appeal to show by preponderant evidence that a protected disclosure was a contributing factor in the agency's personnel action). Moreover, her reference to arguments raised in her closing brief does not identify errors in the initial decision and is not a basis for granting her petition for review. *See Wyse v. Department of Transportation*, 39 M.S.P.R. 85, 92 n.3 (1988) (holding that the Board will not consider an attempt in a petition for review to incorporate by reference arguments made in a closing brief because the brief does not allege error by the administrative judge);

---

[4] In any event, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established a prima facie case. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings concerning whether the agency met its clear and convincing burden.

5 C.F.R. § 1201.114(b) (requiring a petition for review to state a party's objections to the initial decision, and indicating that it should not include documents that were part of the record below).

Although the appellant similarly asserts that there is a causal connection between her EEO activity and her removal because she mentioned that activity in her response to the proposal notice, PFR File, Tab 7 at 52-53, she has shown no error in the administrative judge's determination that, although the proposing and deciding officials knew of the protected activity, they were not motivated to retaliate against her because, among other things, they were not identified as discriminating officials and the evidence they relied upon to support their findings came primarily from the sworn statements of employees who had no knowledge of her EEO activity, ID at 78-79. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30-31.

The appellant has not proven harmful error.

The appellant asserts that the investigative report upon which the proposing and deciding officials relied was procedurally flawed because (1) the agency withheld from the appellant a list of issues that the investigating officer was charged with investigating, and (2) the investigation was a sham designed to manufacture claims against her by employees with performance issues. PFR File, Tab 7 at 10-16. Regarding the latter claim, the appellant contends that some correspondence between the investigator and witnesses was conducted using non-government email accounts and not included in the investigative report, and that witnesses collaborated with each other. *Id*. at 13-15.

The administrative judge addressed these allegations of harmful error, finding that the appellant failed to specifically identify any facts and/or

regulatory citations to support the bases for her claims. ID at 88. The administrative judge found that a list of issues identifying the appellant as a target of the investigation did not exist and logically would not have existed because it would have contradicted the stated purpose of the investigation, which was to determine whether a toxic environment existed and, if so, who or what caused the toxic environment. ID at 90-91. The administrative judge also held that the credible testimony of record showed that the relevant witnesses did not communicate or collaborate with each other during the investigation as part of a conspiracy to frame the appellant, but instead understandably commiserated with each other regarding their working conditions and discussed the fact of the investigation. ID at 92-93. Aside from reiterating the allegations she made below, the appellant has shown no error in these findings by the administrative judge. *See Crosby,* 74 M.S.P.R. at 106; *Broughton,* 33 M.S.P.R. at 359.

The appellant also asserts that the agency violated her due process rights and, alternatively, committed harmful error when it denied her the right to "communicate with anyone during the period between the issuance of the proposed removal and the decision to remove her" by removing her from the workplace and placing her on administrative leave. PFR File, Tab 7 at 16-22. She contends that the administrative judge erred in holding that this issue was waived because it was not raised before the record closed below. *Id*. at 19 n.5.

The above claim was not identified by the administrative judge as an issue in the case, and the appellant did not so identify it in her objections to the summary of the prehearing conference. IAF, Tabs 38, 51. Therefore, the administrative judge correctly held that the appellant was prohibited from raising it for the first time in her closing brief. ID at 94; I-2 AF, Tab 5 at 12; *see Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (holding that an issue is not properly before the Board when it is not included in the administrative judge's memorandum summarizing the prehearing conference, which states that no other issues will be considered, unless either party objects to

the exclusion of that issue in the summary).  In any event, the administrative judge held in the alternative that the appellant completely failed to introduce any evidence, or even a citation to the record, supporting a finding that she was prevented from communicating with anyone during the response period.  ID at 94. The appellant has shown no error in this alternative finding.

The agency established the reasonableness of the penalty.

The appellant further contends that the agency was precluded from relying on a prior 14-day suspension in its consideration of the penalty of removal because she was "precluded from challenging her 14-day suspension through the agency's Administrative Grievance Procedure" due to her filing of an EEO complaint regarding that matter.  PFR File, Tab 7 at 22-24.

The administrative judge found that the agency properly relied on the 14-day suspension because, under *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981), the suspension was not clearly erroneous, the appellant was informed of the action in writing, the action was a matter of record, and the agency permitted the appellant to dispute the charges before a higher level of authority than the one that imposed the discipline, even though she chose to file a claim before the Equal Employment Opportunity Commission rather than file a grievance.  ID at 98-99.  The appellant has not shown error in this determination.  The record reflects that the agency afforded the appellant the opportunity to grieve the 14-day suspension.  IAF, Tab 15 at 8-9.  Because all of the *Bolling* requirements have been met, her arguments do not warrant a different result, and the administrative judge correctly held that the agency properly relied on the 14-day suspension in its penalty determination.  ID at 99; *see Morgan v. Department of Defense*, 63 M.S.P.R. 58, 61 (1994) (holding that the filing of a grievance is a challenge to the prior disciplinary action); *Nickerson v. U.S. Postal Service*, 49 M.S.P.R. 451, 462 n.9 (1991) (affording the appellant an opportunity to appeal the actions under the agency's grievance procedures met the *Bolling* requirement); *Golden v. Tennessee Valley Authority*, 10 M.S.P.R. 415, 417 (1982)

(applying *Bolling* when the agency afforded the appellant an opportunity to grieve the prior disciplinary action but he did not do so). The appellant has shown no error in the administrative judge's other penalty-related findings.

Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

                      Jennifer Everling
                      Acting Clerk of the Board

Washington, D.C.